IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Elbert John Benjamin Rutherford, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:07-1871-HMH-BHH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| United States Drug Enforcement Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Elbert John Benjamin Rutherford ("Rutherford"), proceeding pro se, alleges that he has been subjected to numerous warrantless searches by the United States Drug Enforcement Agency ("DEA") over the past two years.  In her Report and Recommendation, Magistrate Judge Hendricks recommends dismissing the case without prejudice and without issuance and service of process because (1) to the extent Rutherford presents a claim pursuant to 42 U.S.C.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

1

§ 1983 or the Bivens[2] doctrine, he has failed to name a person as a defendant, and a Bivens action is not available against an agency of the federal government; and (2) to the extent Rutherford presents a claim pursuant to the Federal Torts Claim Act ("FTCA"), he has failed to undertake the required statutory pre-suit claims process under the FTCA.  (Report and Recommendation 3-4.)

Rutherford filed objections to the Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Rutherford's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean one specific objection.

Magistrate Judge Hendricks found that, to the extent Rutherford is attempting to bring a claim pursuant to the FTCA, he has failed to file the required administrative claim before bringing this action.  (Report and Recommendation 5-6.)  In his objections, Rutherford alleges

---

[2] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971) (establishing a direct cause of action against federal officials for the violation of federal constitutional rights).

that on June 5, 2007, he sent a letter to the "FOIA office in Virginia" and received a "letter of acknowledgement [sic]" in response. (Objections 4-5.) While it is impossible to tell from Rutherford's objections whether this letter constituted a valid claim for purposes of the FTCA, this allegation does not alter the Magistrate Judge's conclusion that Rutherford has not completed "the required statutory pre-suit claims process under the FTCA." (Report and Recommendation 4.)

Rutherford is barred from bringing an FTCA claim until the appropriate federal agency issues a final denial of his properly-submitted claim in writing or fails to make a final disposition of his claim within six months after it was filed. 28 U.S.C. § 2675(a) (2006). According to Rutherford's allegations, neither has occurred in the instant case. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Hendricks' Report and Recommendation.

Therefore, it is

**ORDERED** that Rutherford's case is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 26, 2007

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.